32,180-08

To Mr. Abel Acosta
    Clerk, Court of Criminal Appeals
    Supreme Court Bldg.
    201 W. 14th St., Rm. 106
    P.O. Box 12308
    Austin, Texas 78711-2308

From: Rafael Vasquez, #738214
    Ramsey 1 Unit
    1100 FM 655
    Rosharon, Texas 77583

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 16 2015

Abel Acosta, Clerk

Date: March 11, 2015

RE: EX PARTE Rafael Vasquez, 1995-CR-0683-W2;
1995-CR-0685-W2, Objections To Trial Court's Order
Per. Tex. R. App. Proc., Rule 73.4 (a)(b)(2)(4).

    Dear Mr. Acosta,

        Greetings, Sir. Please find enclosed one
Copy, each, of my Objections To The Trial Court's Order
dated February 23, 2015, Received by Applicant at his
Prison Unit on 3/10/2015, Pertaining To The (2) Writs
of Application on file.

        Please be so Kind As To Insure These Written

1

Objections are timely filed. Per the rules, the original documents were mailed to the appropriate Court Clerk of Bexar County; copy to the San Antonio office of the District Attorney.

Unfortunately, the prison mailroom where I am located has recently mishandled my mail necessitating a written complaint. The issues contained herein have a ten day (10) limitation, so I thought it well and reasonable to do all I possibly can to be sure your office knows of this timely submission.

Beyond this, please allow me to thank you in advance for your kind consideration.

Respectfully submitted,

Rafael Vasquez

Rafael Vasquez, Applicant

| | | |
|---|---|---|
| EX PARTE | § | IN THE COURT OF |
| RAFAEL VASQUEZ | § | CRIMINAL APPEALS, |
| | § | AUSTIN, TEXAS |
| | § | |

## APPLICANT'S OBJECTIONS TO THE TRIAL COURT'S ORDER DISMISSING THE WRIT OF HABEAS CORPUS

TO THE HONORABLE JUSTICES OF SAID COURT: Greetings.

Comes now, Rafael Vasquez, Applicant herein, to timely file this, his Objections to the trial Court's Order dated February 23, 2015. Said Order is postmarked 3/5/2015, and was received by the Applicant on 3/10/2015. Thus, he has ten (10) days to timely file his Objections per Tex.R.App. Proc., Rule 73.4(b)(2) (West, 2014). See also, Houston v. Lack, 487 U.S.266, 101 L.Ed/ 2d 245, 108 S.Ct.2379 (1988)(prison mailbox rule).

## HISTORY OF THE CASE

On November 30, 1995, the Applicant was sentenced to life in TDCJ-ID and fined $10,000 following a verdict of guilty to the charge of aggravated sexual assault of a child after a jury trial. Applicant's appeal was filed on May 6, 1996. The judgment was affirmed. See 04-95-0052-CR & 04-95-0053-CR. Applicant's first writ application sought an out-of-time opportunity to file a Petition for Discretionary Review, only, and was denied without written order on July 28, 2004 (WR-32,180-06). The instant application is his second request.

## ALLEGATIONS OF THE APPLICANT

1. In Ground One Applicant alleges he was denied effective assistance of counsel on appeal.

1.

2. In Ground two, Applicant alleges he was denied the right of self-representation on appeal.

3. In Ground Three, Applicant alleges the Trial Court's failure to remain fair and impartial denied Applicant's due process rights.

THE TRIAL COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW:

1. Applicant's first writ application was denied without a written order on the Trial Court's findings with [sic. ](without) a hearing on July 28, 2004(WR-32,180-06)(hearing, if any, on affidavit only).

2. This Court does not have jurisdiction to consider the merits of a subsequent application for writ of habeas corpus "unless the application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been presently previously in an original application." Tex. Code Crim. Proc. art. 11.07, §4(a)(1)(West 2014).

3. This Court finds that Applicant is precluded from bringing this second writ application based upon the subsequent writ provision in Tex. Code Crim. Proc. Art. 11.07, §4(a)(1)(Vernon 2014). The current claims and issues either were or could have been presented in Applicant's first writ application.

4. Based on the foregoing findings of fact and conclusions of law, it is hereby recommended that this application be dismissed.

APPLICANT'S OBJECTIONS

1. The Trial Court has informed this Honorable Court that the Applicant's first writ application was denied and thus, said

Trial Court lacks jurisdiction over the instant application.

The State has made noconcurring allegation.

As indicated above, the "first writ application," sought only an out-of-time opportunity to file PDR. Thus, neither the first nor the instant applications sought to challenge the underlying convictions or sentence. Accordingly, the Trial Court's sua sponte dismissal was improvident.

In ExParte Evans 964 S.W.2d 643(Tex.Crim.App. 1998), this Honorable Court held:

> "Both the definition of 'conviction' and this Court's case law regarding writ applications leads us to the conclusion that the procedural bar of §4[Tex. C.C.P. art. 11.07] is limited to instances in which the initial application raises claims regarding the validity of the prosecution or judgment of guilt. It does not apply to claims regarding other matters [which have nothing] to do with the conviction other than sharing the same forum or fact-finding...As a result, [Evans's] application is noltbarred by section 4 because Applicant's prior application did not involve a claim whichchhallenges the conviction or sentence within the meaning of Article 11.07, §4."

See also, Ex ParteRawlinson 958 S.W.2d 198(Tex.Crim.App. 1997)(The term "conviction," encompasses judgment and sentence only).

Here, the instant application clearly asserts that:

"Applicant has filed a Writ of Habeas Corpus seeking an out-of-time appeal opportunity before the Texas Court of Criminal Appeals. Portley vv State 89 S.W.3d 188, 189(Tex.App.--Texarkana 2002, no pet); Reyes v. State 883 S.W.2d 291, 293, n.2(Tex.App.--El Paso, 1994, no pet). This isnot an attack upon the underlying conviction. See, In re Cain 137 F.3d 234, 235(5th Cir. 1998)..."

Accordingly, Applicant objects to the Trial Court's having sua sponte and improvidently dismissing the instant application without considering the merits of the claims therein.

## PRAYER

Applicant prays this Honorable Court REMAND the instant application back to the Trial Court for full consideration of the merits of his allegations.

Respectfully submitted,

Rafael Vasquez   APPLICANT

## UNSWORN DECLARATION

I, Rafael Vasquez, TDCJ # 738214, an inmate confined in the Ramsey 1 Unit located in Brazoria County, Texas, swear under penalty of perjury, that the foregoing instrument is true and correct insofar as I understand the applicable law to require.

Executed this 11th day of March, 2015.

Rafael Vasquez   APPLICANT

## CERTIFICATE OF SERVICE

I, Rafael Vasquez, TDCJ #738214, swear and affirm that a true and complete copy of this instrument was delivered by first class mail, postage prepaid, to the office of the Bexar County District Attorney, Mr. Nicholas "Nico" LaHood, at the Paul Elizondo Tower 101 W. Nueva, San Antonio, Texas 78205. Executed on the 11th of March, 2015.

Rafael Vasquez       APPLICANT

4.